**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1252-18T1

K.L.,

     Plaintiff-Appellant,

v.

L.L.,

     Defendant-Respondent.

_____

          Submitted December 3, 2019 – Decided January 23, 2020

          Before Judges Gilson and Rose.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0459-16.

          David Thornton Garnes, attorney for appellant.

          L.L., respondent pro se.

PER CURIAM

     In this post-divorce-judgment matter, plaintiff, the father, appeals from an October 5, 2018 order that granted various relief, primarily concerning the

health insurance and expenses of the parties' children.  Plaintiff has identified no facts or law that warrant our intervention.  Accordingly, we affirm.[1]

The parties were married in 2000 and divorced in 2015.  They have three children, including a daughter who is a diabetic.  Plaintiff has failed to provide us with a complete record.  The limited record reflects that the parties have filed other post-judgment motions.  Some of the orders on those prior motions are relevant to issues plaintiff seeks to raise, but he did not provide us with those orders.

We can discern that in 2018, defendant, the mother, filed a motion to require plaintiff to (1) reimburse her for his share of medical expenses; (2) drop the children from his medical insurance so that the children would be covered by her insurance; and (3) pay for future medical supplies.  Plaintiff cross-moved to (1) modify an April 20, 2018 order; (2) allow him to pay child support directly rather than through wage garnishment; (3) have the parties share equally the expense of medical supplies and insulin; and (4) be awarded attorney's fees.[2]

---

[1] To protect privacy interests, we use the parties' initials in the caption and refer to them as plaintiff and defendant in the opinion.

[2] Plaintiff also moved to deny defendant's motion, but that is not a cross-motion; rather, it is opposition to defendant's motion.

On October 5, 2018, the family court heard arguments on the motion and cross-motion, explained the reasons for its rulings, and entered an order. Relevant to this appeal, the court (1) granted defendant's request that she provide medical insurance coverage for the children and that plaintiff drop the children from his coverage; (2) ordered plaintiff to reimburse defendant for past and future medical expenses in the amount of seventy-three percent of those expenses; (3) denied plaintiff's request to end wage garnishment; (4) denied plaintiff's request for attorney's fees; and (5) ordered plaintiff to comply with a prior order entered in a then pending Title 9 matter.

On appeal, plaintiff contends that the family court erred or abused its discretion in (1) ordering him to cease medical insurance coverage for the children; (2) ordering him to reimburse plaintiff for past medical expenses; (3) ordering him to reimburse plaintiff for future medical expenses in the amount of seventy-three percent of those expenses; (4) ordering him to continue to pay child support through wage garnishment; (5) denying his request for attorney's fees; and (6) ordering him to comply with a prior order entered in the Title 9 matter.

Having reviewed plaintiff's contentions in light of the record and law, we find that none of his arguments has sufficient merit to warrant a detailed

3

discussion in a written opinion.  See R. 2:11-3(e)(1)(E).  Thus, we make only brief comments on the arguments.

The record establishes that the family court considered the relevant issues and adequately explained the reasons for each of its rulings.  Plaintiff cites to Caplan v. Caplan, 182 N.J. 250, 265 (2005), arguing that the family court failed to consider the parties' income when making determinations regarding reimbursement and child support. The record, however, shows that the family court considered the parties' respective incomes when making its decisions. Moreover, plaintiff has pointed to no facts that the court did not consider; instead, plaintiff simply disagrees with the factual findings made by the family court.

In summary, the family court pointed out that (1) in a prior order, it had allowed plaintiff to continue medical insurance coverage for the children, but he had failed to pay the medical expenses; (2) the final judgment of divorce and a prior order provided that the parties were to share medical expenses with plaintiff paying seventy-three percent and defendant paying twenty-seven percent; (3) plaintiff failed to show any change of circumstances warranting modification of those prior orders; (4) plaintiff was in arrears on child support and, therefore, wage garnishment was appropriate; (5) plaintiff made no

A-1252-18T1

showing supporting an award of attorney's fees; and (6) plaintiff had not filed a motion for reconsideration of the order in the Title 9 matter and presented no facts or law to support his request to disregard that order. We discern no error or abuse of discretion in any of those rulings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5